UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KARANDEEP SINGH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. CIV-26-126-R |
| | ) |
| MARY DE ANDA-YBARRA, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, a citizen of India, entered the United States on December 11, 2023 and was placed into removal proceedings. The Department of Homeland Security issued a notice to appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) and ordering him to appear before an immigration judge on April 1, 2027. The notice to appear indicates that Petitioner is "an alien present in the United States who has not been admitted or paroled" rather than "an arriving alien." Petitioner was released from custody and subsequently filed an Application for Asylum with the Immigration Court. On December 26, 2026, he was apprehended during a traffic stop and transferred to ICE custody.

Now before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] claiming violations of the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. Petitioner asserts that he is currently being detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A) but this provision does not apply to noncitizens like him who previously

1

entered the country. Respondents filed a Response in Opposition [Doc. No. 6] and Petitioner replied [Doc. No. 7].

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A) or whether he must instead be detained pursuant to § 1226(a). The issue is significant because § 1225(b)(2)(A) provides for mandatory detention whereas § 1226(a) provides for conditional parole or release on bond pending a decision in the removal proceedings. The Court has addressed this same issue in prior orders. *See Valdez v. Holt,* Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026).[1] The Court has considered Respondents arguments, and is aware of recent (nonbinding) authority supporting Respondents' position. *See Buenrostro-Mendez v. Bondi,* No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

However, the Court continues to conclude that the better reading of the statutory provisions is that the § 1225(b)(2) applies to noncitizens "seeking admission into the country" whereas § 1226 applies to noncitizens "already in the country." *See Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018); *see also Castanon-Nava v. U.S. Dep't of Homeland Sec.,* 161 F.4th 1048, 1061 (7th Cir. 2025) ("[T]he difference in treatment between a noncitizen at the border and one already in the United States fits within the broader context of our immigration law."). Further, the Court rejects Respondents' argument that Petitioner's subsequently filed asylum application renders him subject to detention under

---

[1] The Court adopts the reasoning and conclusions set forth in these prior orders.

§ 1225(b)(2). *See Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025) (finding that "[t]he manner in which the boxes were checked on [the petitioner's] NTA shows that the Government determined that [the petitioner] was detained under Section 1226(a)" and it "cannot now be heard to change its position to claim that he is detained under Section 1225(b)"); *E.C. v. Noem,* No. 2:25-CV-01789-RFB-BNW, 2025 WL 2916264, at *8 (D. Nev. Oct. 14, 2025) (rejecting contention that Respondents could sua sponte change classification on the notice of appear); *Li v. Grant,* No. CIV-25-1426-HE, 2026 WL 147438, at *1 (W.D. Okla. Jan. 20, 2026) (concluding that § 1226(a) applies even though Petitioner applied for asylum); *Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (same); *Toledo Santos v. Grant*, No. CIV-25-1433-SLP, 2026 WL 184287, at *2 (W.D. Okla. Jan. 23, 2026) (same).

Here, Petitioner was detained over two years after arriving in the country. His detention is controlled by § 1226(a) and he is entitled to a prompt bond hearing. This conclusion is in accordance "with the vast majority of district courts in this judicial district, in district courts within the Tenth Circuit and across the country to have addressed the same issues as those raised by Petitioner." *Toledo Santos*, 2026 WL 184287, at *2.

Accordingly, the Petition is GRANTED in part and Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). The remaining claims are dismissed without prejudice.

IT IS SO ORDERED this 24th day of February, 2026.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE