**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KARANDEEP SINGH,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-26-126-R** |
| | ) | |
| **MARY DE ANDA-YBARRA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Before the Court is Petitioner's Motion to Enforce [Doc. No. 10], to which Respondents filed a response in opposition [Doc. No. 13].

Petitioner is a noncitizen that entered the United States in late 2023. He was placed into removal proceedings, issued a Notice to Appear, and released from custody. Approximately three years later, he was re-detained by ICE pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] claiming that his detention is governed by 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b)(2)(A). On February 24, 2026, the Court granted the Petition in part [Doc. No. 8], concluding that Petitioner's detention is controlled by § 1226(a) and directing Respondents to provide Petitioner with a prompt bond hearing under that provision. *See* Doc. No. 10-1. The bond hearing before an Immigration Judge was held on March 2, 2026. *Id.* At the bond hearing, Petitioner, who was represented by counsel, submitted documentary evidence and argument in support of

1

his request for bond. *Id.* The Immigration Judge denied bond based a finding that Petitioner presents a flight risk. *Id.*

In his Motion to Enforce, Petitioner contends that the bond hearing was not constitutionally compliant because the Immigration Judge denied bond without evidentiary support and without conducting an independent review. He seeks his immediate release or, alternatively, a bond hearing before this Court.

When a noncitizen is detained under § 1226(a), "the Attorney General may exercise his discretion to either detain or release an alien on bond or conditional parole." *Mwangi v. Terry*, 465 F. App'x 784, 786 (10th Cir. 2012). "If the alien is detained, he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary), and the alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98, (2019) (internal citations omitted). The noncitizen may then appeal the immigration judge's bond determination to the BIA. 8 C.F.R. § 1003.19(f). However, pursuant to § 1226(e), this Court lacks jurisdiction to review the Immigration Judge's discretionary decision to deny bond:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

8 U.S.C. § 1226(e).[1] The written decision of the Immigration Judge indicates that he considered the evidence presented by Petitioner and various factors, including Petitioner's family ties, employment history, and eligibility for relief from withholding for removal, before denying bond. This Court does not have jurisdiction to review the Immigration Judge's discretionary decision regarding the denial of bond. *See Mwangi*, 465 F. App'x at 786 (Therefore, to the extent Mr. Mwangi challenges the agency's discretionary bond decision, the magistrate judge was correct that the court lacked jurisdiction.); *Cruz v. Mullin*, No. 26-CV-00312-PAB-NRN, 2026 WL 1020491, at *2 (D. Colo. Apr. 15, 2026) (denying motion to enforce bond hearing based on lack of jurisdiction).

Petitioner contends that this Court may nevertheless exercise jurisdiction over his claim because the bond hearing was constitutionally deficient and violated his due process rights. See *Hernandez Casallas v. Jones*, No. CIV-26-53-J, 2026 WL 324646, at *2 (W.D. Okla. Feb. 6, 2026) (explaining that § 1226(e) does not preclude district courts from exercising jurisdiction over constitutional claims or questions of law). Although Petitioner couches his claim in constitutional terms, he is in fact asking this Court to second guess the Immigration Judge's assessment of the evidence, which "is exactly the sort of challenge Congress proscribed by passing § 1226(e)." *Cruz*, 2026 WL 1020491, at *2; *see also Hernandez v. Holder,* 450 F. App'x 773, 775 (10th Cir. 2011) ("Discretionary agency decisions may not be recast as constitutional claims or questions of law simply to invoke our jurisdiction under § 1252(a)(2)(D).").

---

[1] Although § 1226 refers to the Attorney General, "Congress has empowered the Secretary [of DHS] to enforce the Immigration and Nationality Act." *Preap*, 586 U.S. at 397 n.2.

Further, on the present record, the Court is unable to conclude that the bond hearing was conducted in a manner that violates Petitioner's due process rights. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation omitted). Petitioner was represented by counsel and had the opportunity to present evidence and argument. The Immigration Judge issued a written order explaining the factors he considered and the basis of his decision. The decision can be appealed to the BIA.

As to Petitioner's suggestion that this Court should conduct the bond hearing and/or shift the burden of proof to the government, the Court declines to reconsider its prior conclusion that the process ordered – a bond hearing under § 1226(a) – "is appropriate in light of the statutory violation that has occurred." *See Gutierrez v. Garcia,* No. 2:25-CV-001145-WJ-KRS, 2026 WL 310064, at *7 (D.N.M. Feb. 5, 2026). "In the absence of a statutory mandate or binding precedent requiring burden shifting, the Court declines to specify or alter the burden of proof at this stage," particularly given the somewhat conclusory manner in which the issue was raised in the briefing. *Id.* at *6 n.3

The Court ordered Respondents to provide Petitioner with a bond hearing pursuant to § 1226(a). The record reflects that Respondents did so. Accordingly, Petitioner's Motion to Enforce is DENIED.

IT IS SO ORDERED this 30th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE